

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **19-60157-CR-RUIZ**

**MAGISTRATE JUDGE SELTZER**

18 U.S.C. § 371
42 U.S.C. § 1320a-7b(b)(1)(A)
42 U.S.C. § 1320a-7b(b)(2)(A)
18 U.S.C. § 2
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

ELIZABETH PETERS YOUNG,

       Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

#### The FECA Program

1. The Federal Employees' Compensation Act ("FECA"), Title 5, United States Code, Sections 8101, et seq., was administered by the United States Department of Labor, Office of Workers' Compensation Programs ("OWCP") (hereinafter collectively referred to as the "FECA Program"). The FECA Program provided compensation benefits, including medical and health benefits, to civilian employees of the United States for disability due to personal injury sustained while in the performance of their duties, and covered all medical expenses to include prescription drugs, rehabilitation services, medical tests, physical therapy, and medical supplies and equipment.

2. Under the FECA Program, when a qualified employee suffered a work related injury, the employee submitted a claim to OWCP, which then assigned the beneficiary an OWCP claim

number.

3. To obtain reimbursement for prescription drugs provided to beneficiaries in the FECA Program, a pharmacy had to submit a claim for payment to OWCP. OWCP would then process the claim and reimburse the provider in accordance with an established fee schedule.

4. The FECA Program was a "Federal health care program" as defined by Title 42, United States Code, Section 1320a-7b(

### The Defendant, Related Entities and Individuals

5. Young Surgical, LLC ("Young Surgical") was a Florida corporation located at 12 Ocean Shore Drive in Ormond Beach, Florida.

6. Defendant **ELIZABETH PETERS YOUNG**, a current resident of Cherokee County, Georgia, and a former resident of Volusia County, Florida, was the owner, operator, and registered agent of Young Surgical.

7. Pharmacy 1 was a Florida corporation located in Pompano Beach, Florida.

8. Pharmacy 2 was an Alabama corporation located in Birmingham, Alabama.

9. Medical Facility 1 was a Georgia corporation located in Atlanta, Georgia. Medical Facility 1 provided medical treatments to beneficiaries covered under the FECA Program.

10. Desiree Mitchell, a resident of Gwinnett County, Georgia, was employed as a surgical coordinator at Medical Facility 1.

11. Garner Medical Inc. ("Garner Medical") was a Georgia corporation located in Lawrenceville, Georgia.

12. Vernon Tim Mitchell, a resident of Gwinnett County, Georgia, was the owner and registered agent of Garner Medical.

13. Individual 1, a resident of Broward County, Florida was the owner of Pharmacy 1.

### Conspiracy to Pay and Receive Health Care Kickbacks
### (18 U.S.C. § 371)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around April 2015, through in or around December 2018, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIZABETH PETERS YOUNG,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Desiree Mitchell, Vernon Tim Mitchell, Individual 1, and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

    a. to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) by knowingly and willfully soliciting and receiving any remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, the FECA Program; and

    b. to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A) by knowingly and willfully offering and paying any remuneration, including kickbacks and bribes, overtly and covertly, in cash and in kind, to any person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, the FECA Program.

### Purpose of the Conspiracy

3. It was a purpose of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things: (a) soliciting, receiving, offering, and paying kickbacks in return for referring FECA beneficiaries' prescriptions to Pharmacy 1 and Pharmacy 2;

(b) submitting and causing the submission of claims to OWCP for prescription medications that Pharmacy 1 and Pharmacy 2 purportedly provided to FECA beneficiaries; (c) causing the FECA Program to make payments to Pharmacy 1 and Pharmacy 2 as a result of such claims; (d) concealing the payment and receipt of the kickbacks; and (e) diverting the proceeds for the defendant and her co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and her co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

4. **ELIZABETH PETERS YOUNG** solicited and received kickbacks from Pharmacy 1 and Pharmacy 2 in return for causing the referral to these pharmacies of prescriptions for FECA beneficiaries who were treated at certain medical facilities, including Medical Facility 1.

5. **ELIZABETH PETERS YOUNG** offered and paid kickbacks to Desiree Mitchell, Vernon Tim Mitchell, and others, in return for the referral of prescriptions for FECA beneficiaries who were treated at certain medical facilities, including Medical Facility 1.

6. **ELIZABETH PETERS YOUNG**, Desiree Mitchell, Vernon Tim Mitchell, Individual 1, and others, used the referred prescriptions to submit and cause the submission of claims by Pharmacy 1 and Pharmacy 2 to the FECA Program for prescription drugs purportedly provided to FECA beneficiaries by Pharmacy 1 and Pharmacy 2.

7. As a result of these claims, the FECA Program made payments to Pharmacy 1 and Pharmacy 2.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida and elsewhere, at least one of the following overt acts, among others:

4

1. On or about April 2, 2015, **ELIZABETH PETERS YOUNG** sent an email to Individual 1 in which she stated "We are 100% on the same wavelength and that's ONE COMMA ZERO ZERO ZERO COMMA ZERO ZERO ZERO!!!"

2. On or about April 6, 2015, **ELIZABETH PETERS YOUNG** sent an email to Individual 1 in which she stated "I'm writing Desiree's rep a check! $3,800-ish!! They're very excited and motivated. Our day is coming..!$"

3. On or about April 8, 2015, **ELIZABETH PETERS YOUNG** sent an email to Individual 1 in which she stated "Desiree wanted me to remind you to remind everybody on your end to ONLY talk to her at the office."

4. On or about September 1, 2015, **ELIZABETH PETERS YOUNG** solicited and received a kickback, via a check written from Pharmacy 1's Wells Fargo bank account ending in 6141 to Young Surgical, in the approximate amount of $65,125.00, for the referral of prescriptions for FECA beneficiaries to Pharmacy 1.

5. On or about September 4, 2015, **ELIZABETH PETERS YOUNG** paid a kickback, via a check written from Young Surgical's SunTrust bank account ending in 6545 to Vernon Tim Mitchell, in the approximate amount of $9,451.00, for Vernon Tim Mitchell and Desiree Mitchell's referral of prescriptions for FECA beneficiaries to Pharmacy 1.

6. On or about September 30, 2015, **ELIZABETH PETERS YOUNG** paid a kickback, via a check written from Young Surgical's SunTrust bank account ending in 6545 to Vernon Tim Mitchell, in the approximate amount of $9,451.00, for Vernon Tim Mitchell and Desiree Mitchell's referral of prescriptions for FECA beneficiaries to Pharmacy 1.

7. On or about October 8, 2015, **ELIZABETH PETERS YOUNG** sent an email to Desiree Mitchell with the subject line "Here's some great examples" that indicated "the trouble someone could get into," and attached a link to a list of government enforcement actions involving

the payment of kickbacks.

8. On or about November 3, 2015, **ELIZABETH PETERS YOUNG** solicited and received a kickback, via a check written from Pharmacy 1's Wells Fargo bank account ending in 6141 to Young Surgical, in the approximate amount of $112,200.00, for the referral of prescriptions for FECA beneficiaries to Pharmacy 1.

10. On or about November 6, 2015, **ELIZABETH PETERS YOUNG** paid a kickback, via three checks written from Young Surgical's SunTrust bank account ending in 6545 to Garner Medical, in the total approximate amount of $24,785.00, for Vernon Tim Mitchell and Desiree Mitchell's referral of prescriptions for FECA beneficiaries to Pharmacy 1.

11. On or about April 20, 2016, **ELIZABETH PETERS YOUNG** sent an email to Vernon Tim Mitchell in which she asked him to make sure that certain patients received refill prescriptions.

12. On or about May 3, 2016, **ELIZABETH PETERS YOUNG** solicited and received a kickback, via a check written from Pharmacy 1's Wells Fargo bank account ending in 6141 to Young Surgical, in the approximate amount of $117,525.60, for the referral of prescriptions for FECA beneficiaries to Pharmacy 1.

13. On or about May 4, 2016, **ELIZABETH PETERS YOUNG** paid a kickback, via a check written from Young Surgical's SunTrust bank account ending in 6545 to Garner Medical, in the approximate amount of $31,125.91, for Vernon Tim Mitchell and Desiree Mitchell's referral of prescriptions for FECA beneficiaries to Pharmacy 1.

14. On or about August 1, 2016, **ELIZABETH PETERS YOUNG** sent an email to Vernon Tim Mitchell in which she informed Mitchell that "FYI- because of all the fed investigations into illegal practices at compound pharmacies" he might not want to tell other people he was involved as a sales representative for "patches and creams."

16. On or about December 23, 2016, **ELIZABETH PETERS YOUNG** solicited and received a kickback, via a check written from Pharmacy 2's Iberia bank account ending in 9642 to **YOUNG**, in the approximate amount of $9,537.36 for the referral of prescriptions for FECA beneficiaries to Pharmacy 2.

17. On or about March 15, 2018, **ELIZABETH PETERS YOUNG** solicited and received a kickback from Pharmacy 2, via direct deposit into **YOUNG's** SunTrust bank account ending in 3770, in the approximate amount of $11,011.63 for the referral of prescriptions for FECA beneficiaries to Pharmacy 2.

18. On or about September 14, 2018, **ELIZABETH PETERS YOUNG** solicited and received a kickback from Pharmacy 2, via direct deposit into **YOUNG's** SunTrust bank account ending in 3770, in the approximate amount of $12,242.02 for the referral of prescriptions for FECA beneficiaries to Pharmacy 2.

All in violation of Title 18, United States Code, Section 371.

### Receipt of Kickbacks in Connection with a Federal Health Care Program
### (42 U.S.C. § 1320a-7b(b)(1)(A))

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about the dates enumerated below as to each count, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIZABETH PETERS YOUNG,**

did knowingly and willfully solicit and receive any remuneration, that is, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, the FECA Program, as set forth below:

| Count | Approximate Date of Kickback | Approximate Amount of Kickback |
|---|---|---|
| 2 | September 1, 2015 | $65,125.00 |
| 3 | November 3, 2015 | $112,200.00 |
| 4 | May 3, 2016 | $117,525.60 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A) and Title 18, United States Code, Section 2.

**Payment of Kickbacks in Connection with a Federal Health Care Program
(42 U.S.C. § 1320a-7b(b)(2)(A))**

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates enumerated below as to each count, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIZABETH PETERS YOUNG,**

did knowingly and willfully offer and pay any remuneration, including kickbacks and bribes, overtly and covertly, in cash and in kind, to any person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, the FECA Program, as set forth below:

| Count | Approximate Date of Kickback | Approximate Amount of Kickback |
|---|---|---|
| 8 | September 4, 2015 | $9,451.00 |
| 9 | September 30, 2015 | $9,451.00 |
| 10 | November 6, 2015 | $24,785.00 |
| 11 | May 4, 2016 | $31,125.91 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and Title 18, United States Code, Section 2.

## FORFEITURE
## (18 U.S.C. § 982(a)(7))

1.      The allegations of this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **ELIZABETH PETERS YOUNG**, has an interest.

2.      Upon conviction of any violation alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real

or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violations. This includes, but is not limited to, approximately $1,542,280.84, which the United States may seek as a forfeiture money judgment.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), including, but not limited to, the real property located at 2135 Lower Dowda Mill Road, Ball Ground, Georgia 30107.

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL.

_____
FOREPERSON

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

ANNE P. MCNAMARA
ASSISTANT UNITED STATES ATTORNEY